J-S15041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PATRICK MICHAEL FALCEY, JR. | : | |
| | : | |
| Appellant | : | No. 91 EDA 2022 |

Appeal from the PCRA Order Entered December 3, 2021
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0007415-2018

BEFORE:  NICHOLS, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:           **FILED SEPTEMBER 28, 2022**

Patrick Michael Falcey, Jr. ("Falcey"), appeals from the order dismissing his *pro se* petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Additionally, Falcey's counsel, Stuart Wilder, Esquire ("Attorney Wilder"), has filed an application to withdraw as counsel and an accompanying "no-merit" letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1998), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  We grant Attorney Wilder's application to withdraw and affirm the PCRA court's order.

The relevant factual and procedural background of this matter is as follows.  On May 14, 2019, Falcey entered a negotiated guilty plea to terroristic threats, simple assault, and possession of an instrument of crime ("PIC").  On

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

that same date, the trial court sentenced Falcey in accordance with the plea agreement to not less than time served nor more than twelve months in jail for terroristic threats, followed by two years of probation for simple assault. No further penalty was imposed for PIC. Falcey did not file a post-sentence motion or a notice of appeal.

On April 30, 2021, Falcey filed the instant *pro se* petition.[2] The PCRA court appointed Attorney Wilder and directed him to file an amended petition. In response, Attorney Wilder filed a motion to withdraw as counsel and a "no-merit" letter pursuant to **Turner**/**Finley**. Falcey filed a *pro se* response to the motion to withdraw wherein he requested that the specified basis for relief be changed from his sentence being "vacated" to "the duration of the sentence to end and the case be closed." *Pro Se* Response, 6/9/21, at unnumbered 1. Falcey did not file any response to the "no-merit" letter. On November 5, 2021, the PCRA court issued an order granting Attorney Wilder's motion to withdraw and a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. On that same date, the court found Falcey in violation of his probation, revoked his probationary sentence for simple assault, and

---

[2] During the pendency of Falcey's petition, the lower court issued an order directing Falcey to undergo a mental health evaluation. On June 7, 2021, the lower court issued an order committing Falcey to a hospital for inpatient psychiatric evaluation and treatment. The court stayed all legal proceedings pending the outcome of the evaluation and treatment. On September 10, 2021, the lower court entered an order vacating Falcey's commitment, and he was returned to the Bucks County Correctional Facility.

resentenced him to twenty-four months of probation for simple assault.[3] Falcey did not respond to the PCRA court's Rule 907 notice. On December 3, 2021, the PCRA court entered an order dismissing Falcey's *pro se* PCRA petition.

Attorney Wilder, unaware that the PCRA court had granted his motion to withdraw, filed a timely notice of appeal at Falcey's request, as well as a statement pursuant to Pa.R.A.P. 1925(c)(4) indicating his intention to file in this Court an application to withdraw and a "no-merit" letter pursuant to ***Turner/Finley***.[4] The PCRA court authored an opinion pursuant to Rule 1925(a). In this Court, Attorney Wilder has filed an application to withdraw as well as a "no-merit" letter pursuant to ***Turner/Finley***. Falcey has not filed a response to the application to withdraw or the "no-merit" letter.

_____

[3] Attorney Wilder did not attend the revocation of probation hearing as Falcey was represented at that proceeding by the public defender.

[4] Where, as here, counsel has filed a motion to withdraw and a "no-merit" letter pursuant to ***Turner/Finley***, and the PCRA court has granted counsel's motion to withdraw after reviewing the "no-merit" letter and agreeing with counsel that the issues that the petitioner seeks to raise are meritless, the petitioner's right to representation has ended. ***See Commonwealth v. Maple***, 559 A.2d 953, 956 (Pa. Super. 1989) (holding that "when counsel has been appointed to represent a petitioner in post-conviction proceedings as a matter of right under the rules of criminal procedure and when that right has been fully vindicated by counsel being permitted to withdraw under the procedure authorized in ***Turner***, new counsel shall not be appointed and the petitioner, or appellant, must thereafter look to his or her own resources for whatever further proceedings there might be"). Thus, as the PCRA court granted Attorney Wilder's motion to withdraw, Falcey was not entitled to further representation.

Prior to addressing Falcey's claims on appeal, we must address Attorney Wilder's application to withdraw as counsel.[5] Pursuant to **Turner/Finley**, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. **See Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). In **Pitts**, our Supreme Court explained that such independent review requires proof of:

1. A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;

2. The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;

3. The PCRA counsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were meritless;

4. The PCRA court conducting its own independent review of the record; and

5. The PCRA court agreeing with counsel that the petition was meritless.

**Id**. (citation and brackets omitted). Further, PCRA counsel seeking to withdraw from representation in this Court must contemporaneously forward

---

[5] As explained above, the PCRA court granted Attorney Wilder's petition to withdraw on November 5, 2021. The fact that Attorney Wilder (who was then unaware that the PCRA court granted his motion to withdraw) filed a notice of appeal on Falcey's behalf did not operate to reinstate Falcey's right to representation. Nor do Attorney Wilder's filings in this Court operate to negate the PCRA court's order granting his motion to withdraw as Falcey's counsel. Accordingly, we could deny Attorney Wilder's current application to withdraw as moot because the PCRA court's November 5, 2021 order previously granted his motion to withdraw from this matter. However, given that Attorney Wilder has separately entered his appearance in this Court as Falcey's counsel of record, we decline to do so.

to the petitioner a copy of the petition to withdraw that includes a copy of (1) the "no-merit" letter, and (2) a statement advising the PCRA petitioner that, upon the filing of counsel's petition to withdraw, the petitioner has the immediate right to proceed *pro se*, or with the assistance of privately retained counsel. ***See Commonwealth v. Muzzy***, 141 A.3d 509, 511-12 (Pa. Super. 2016). Where counsel submits an application to withdraw and "no-merit" letter that satisfy the technical demands of ***Turner***/***Finley***, this Court must then conduct its own review of the merits of the case. ***See Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa. Super. 2012). If this Court agrees with counsel that the claims are without merit, the Court will permit counsel to withdraw and deny relief. ***Id***.

Here, in the ***Turner***/***Finley*** "no-merit" letter that Attorney Wilder filed in this Court,[6] he described the extent of his review, identified the issues that Falcey raised in his *pro se* petition as well as the additional issues that Falcey wished to raise, and explained why the issues lacked merit.[7] In addition,

_____

[6] The "no-merit" letter that Attorney Wilder filed in this Court is substantially similar to the "no-merit" letter that he filed in the PCRA court.

[7] Attorney Wilder indicated that Falcey additionally claimed that the public defender obstructed his ability to file a timely petition; however, counsel explained that the issue lacks merit because Falcey indicated that the conversation in which he claimed that he was misled by the public defender occurred several months after the PCRA's one-year time bar had expired. ***See*** "No-Merit" Letter, 3/6/22, at unnumbered 4. Attorney Wilder explained that Falsey additionally wished to claim that PCRA relief is due for "tampering with his mail" and "medical malpractice by Bucks County." ***Id***. at unnumbered 3. *(Footnote Continued Next Page)*

Attorney Wilder provided Falcey with a notice of his intention to seek permission to withdraw from representation, a copy of the ***Turner/Finley*** "no-merit" letter, and advised Falcey of his rights *in lieu* of representation. Thus, we conclude that Attorney Wilder has substantially complied with the requirements necessary to withdraw as counsel. ***See Commonwealth v. Karanicolas***, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with requirements to withdraw as counsel will satisfy the ***Turner/Finley*** criteria). We now independently review Falcey's claims to ascertain whether they entitle him to relief.

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

---

Falcey additionally claimed that the public defender coerced him to plead guilty. ***Id***. Attorney Wilder concluded that, regardless of the merits of these additional issues that Falcey wished to raise, no relief was available to him because the PCRA court lacked jurisdiction to consider his untimely petition. ***Id***.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that the conviction or sentence resulted from one or more of the following:

> **(i)** A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> **(ii)** Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> **(iii)** A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.
>
> **(iv)** The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.
>
> **(vi)** The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.
>
> **(vii)** The imposition of a sentence greater than the lawful maximum.
>
> **(viii)** A proceeding in a tribunal without jurisdiction.

42 Pa.C.S.A. § 9543(a)(2).

Additionally, any PCRA petition must be filed within one year of the date the judgment becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including

discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. *Id*. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

In the instant matter, Falcey did not file a post-sentence motion or a notice of appeal from the May 14, 2019 judgment of sentence. Therefore, his judgment of sentence became final on June 14, 2019, upon the expiration of the time in which he could have filed a notice of appeal.[8] *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* Pa.R.A.P. 903(a). Falcey had until June 15, 2020,[9] to file the instant PCRA petition, but did not do so until April 30, 2021. Thus, Falcey's petition is facially untimely under the PCRA.

Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1), which provides:

**(b) Time for filing petition.--**

---

[8] The thirtieth day after May 14, 2019, fell on Sunday, June 13, 2019. Therefore, Falcey had until Monday June 14, 2019, to file a timely notice of appeal. *See* 1 Pa.C.S.A. § 1908 (providing that "[w]henever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation").

[9] As June 14, 2020, fell on a Sunday, Falcey had until Monday June 15, 2020, in which to file a timely PCRA petition. *See* 1 Pa.C.S.A. § 1908.

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). Any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." *Id*. § 9545(b)(2).

In his *pro se* petition, Falcey claimed that he was "illegally detained and perjured by the Bensalem Township Police Department." *Pro Se* PCRA Petition, 4/30/21, at 4 (unnecessary capitalization omitted). In Attorney Wilder's "no-merit" letter, he indicates that these claims are not cognizable under the PCRA pursuant to section 9543(a)(2). *See* "No-Merit" Letter, 3/6/22, at unnumbered 2-3. The PCRA court additionally determined that the issues raised in Falcey's *pro se* petition are not cognizable under the PCRA because they do not fall within any of the subsections of section 9543(a)(2). *See* PCRA Court Opinion, 2/18/22, at 7.

Based on our review, we conclude that Falcey's assertions in his *pro se* petition that he was "illegally detained and perjured by the Bensalem Township Police Department" are not cognizable under the PCRA because they do not fall within any of the categories enumerated in section 9543(a)(2). ***See*** 42 Pa.C.S.A. § 9543(a)(2).

With respect to the remaining issues that Falcey wished to raise, as identified in Attorney Wilder's "no-merit" letter, the PCRA court was under no obligation to address those issues. ***See Commonwealth v. Rigg***, 84 A.3d 1080, 1085 (Pa. Super. 2014) (holding that where the petitioner does not seek leave to amend his petition after counsel has filed a ***Turner/Finley*** no-merit letter, the PCRA court is under no obligation to address new issues). Notably, after Attorney Wilder filed a motion to withdraw and "no-merit" letter in the lower court, Falcey filed a *pro se* response to the motion to withdraw wherein he requested that the specified basis for relief be changed from his sentence being "vacated" to "the duration of the sentence to end and the case be closed." *Pro Se* Response, 6/9/21, at unnumbered 1. Falcey did not respond to the "no-merit" letter. Nor did Falcey respond to the PCRA court's Rule 907 notice or seek leave to amend his *pro se* petition to include the additional claims he wished to raise. ***See Commonwealth v. Rykard***, 55 A.3d 1177, 1189 (Pa. Super. 2012) (holding that the purpose behind a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition to raise potentially arguable claims). Accordingly, the

additional claims that Falcey wished to raise are waived. ***See***

***Commonwealth v. Baumhammers***, 92 A.3d 708, 731 (Pa. 2014) (holding

that "since the present claim was not raised in [a]ppellant's PCRA petition,

and no request was made to amend the petition to include it, it is waived").[10]

As the PCRA court lacked jurisdiction to consider Falcey's untimely *pro*

*se* petition, and our review confirms Attorney Wilder's determination that the

additional claims that Falcey sought to raise merit no relief, we grant Attorney

Wilder's application to withdraw and affirm the court's order dismissing the

petition.

Order affirmed. Application to withdraw as counsel granted.

_____

[10] Even if Falcey had sought and been granted leave to amend his petition to include the additional claims, we would have affirmed the PCRA court's dismissal order. Like the claims asserted in his *pro se* petition, Falcey's additional claims for PCRA relief based on "tampering with his mail" and "medical malpractice by Bucks County" are not cognizable under the PCRA because they do not fall within any of the categories enumerated in section 9543(a)(2). ***See*** 42 Pa.C.S.A. § 9543(a)(2). Falcey's claim that the public defender obstructed his efforts to file a timely PCRA petition lacks merit because, by his own account to Attorney Wilder, Falcey indicated that the conversation in which he was allegedly misled by the public defender occurred several months after the PCRA's one year time bar had expired. ***See*** "No-Merit" Letter, 3/6/22, at unnumbered 4. Finally, Falcey's claim that the public defender coerced him into pleading guilty was known to Falcey at the time of his plea; therefore, no timeliness exceptions would apply and Falcey was required to assert his coercion claim within one year from the date his judgment of sentence became final. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/2022